IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICK GUIDRY, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-07-378-D |
| ) | |
| CHENEGA INTEGRATED SYSTEMS, ) | |
| L.L.C., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court is Defendants' Motion for Judgment on the Pleadings [Doc. No. 473]. Defendants seek a determination under Fed. R. Civ. P. 12(c), based on the pleadings and the case record, that certain claims should be dismissed as time barred by the applicable statute of limitations. Plaintiffs have timely responded in opposition to the Motion, and Defendants have filed a reply brief. The Motion is thus at issue.

**Standard of Decision**

A Rule 12(c) motion is governed by the same standard as a motion for dismissal under Rule 12(b)(6). *See Atlantic Richfield Co. v. Farm Credit Bank*, 226 F.3d 1138, 1160 (10th Cir. 2000). Dismissal is proper "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Macarthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)); *see Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 129 S. Ct. at 1949; *see also Robbins*, 519 F.3d at 1247. Under appropriate circumstances, an affirmative defense may also be raised by motion under Rule 12. *See Robbins*, 519 F.3d at 1248-49.

"Rule 12(b)(6) [or Rule 12(c)] is a proper vehicle for dismissing a complaint that, on its face, indicates the existence of an affirmative defense such as noncompliance with the limitations period." *Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1311 n. 3 (10th Cir. 1999), *overruled on other grounds by National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002); *see Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980); *Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965). Further, where an issue of the proper limitations period presents primarily a legal question, it may properly be raised by motion under Rule 12(c). *See EEOC v. W.H. Braum, Inc.*, 347 F.3d 1192, 1195 (10th Cir. 2003). Facts subject to judicial notice, such as facts shown by the case record, may be considered without converting the motion to one for summary judgment. *See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006); *see also Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008); *Zimomra v. Alamo Rent-A-Car, Inc.*, 111 F.3d 1495, 1503-04 (10th Cir. 1997).

**B.     Plaintiffs' Complaint**

Plaintiffs initiated this action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, on March 30, 2007. On that date, they filed the Collective Action Complaint purporting to assert wage claims for themselves and other similarly situated persons under § 206 and § 207(a)(1). Specifically, Plaintiffs sought to represent similarly situated employees and former employees of Defendants. *See* Compl. [Doc. 1], ¶¶ 1, 7-10. The three named plaintiffs are Rick Guidry, Dave Spencer, and Frederick Cunningham.

As pertinent to the timeliness issues, the following factual allegations of the Collective Action Complaint are accepted as true: Plaintiffs were employed by Defendants as armed security guards at Fort Sill, Oklahoma, beginning in May, 2004. Plaintiffs' employment ended at various times before this action was filed: Mr. Guidry in "mid 2006;" Mr. Spencer in August, 2006; and Mr. Cunningham in July, 2005. Defendants allegedly failed to pay minimum wages and overtime compensation to which Plaintiffs were entitled under FLSA because Plaintiffs were required to engage in work activities before and after their scheduled shifts without compensation. Plaintiffs also claim the alleged FLSA violations were "malicious and willful." *Id.* ¶ 13.

The Collective Action Complaint is not verified by the named plaintiffs but is signed only by their attorneys. It was not accompanied by any separate document signed by the named plaintiffs personally. On July 6, 2007, Plaintiffs, through counsel, filed a motion for conditional class certification and sought approval of notice and consent forms to be mailed to class members. This motion was supported by affidavits of each named plaintiff, reciting facts to support their respective claims. Following the Court's grant of a second motion to certify a class, and the parties' agreement on appropriate forms, each named plaintiff completed and filed an approved "Opt-In Consent to Sue Form" in the case record: Mr. Spencer on April 3, 2009; and Mr. Guidry and Mr. Cunningham on April 10, 2009.

**C.     Analysis**

The Court has previously addressed timeliness issues in resolving a disagreement between the parties regarding the temporal scope of the class of plaintiffs that was conditionally certified pursuant to 29 U.S.C. § 216(b). The disagreement concerned, in part, FLSA's statute of limitations as applied to an opt-in collective action. The applicable statute provides that an action to recover unpaid wages or overtime compensation "shall be forever barred unless commenced within two

years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued . . . ." *See* 29 U.S.C. § 255(a). This provision functions as a conventional statute of limitations and limits the remedy available in an action, if pled as an affirmative defense, measured according to the date on which the action was commenced. *See Hodgson v. Humphries*, 454 F.2d 1279, 1284 (10th Cir. 1972). For limitations purposes, an FLSA collective action under § 216(b) is "commenced in the case of an individual claimant –

> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
>
> (b) if such written consent was not so filed or if his name did not so appear – on the subsequent date on which such written consent is filed in the court in which the action was commenced."

*See* 29 U.S.C. § 256. Thus, an FLSA claimant's remedy in a collective action is limited by the date on which the claimant's written consent to become a party plaintiff is filed in the case record.

It is undisputed in this case that the named plaintiffs did not file a verified complaint, which might signify their consent to join a collective action, nor did they file separate written consents to be party plaintiffs when they filed suit. The only documents filed in the case record that are signed by the named plaintiffs and expressly state their consent to become parties are the executed consent forms that they filed after a class was conditionally certified and a form was judicially approved. Based on these facts, Defendants contend that each named plaintiff "commenced" a collective action for limitations purposes in April, 2009. This contention, if accepted, would result in findings that Mr. Cunningham's claims are time barred and that Mr. Guidry and Mr. Spencer have timely claims only for a willful violation of FLSA. In opposition to Defendants' position, Plaintiffs argue alternatively that the Court should excuse compliance with the terms of the statute, or should find

substantial compliance in the filing of their affidavits in July of 2007, or should permit them to proceed with individual actions rather than a collective one.

The language of the statute is clear. A collective action is not commenced, even by a named plaintiff, until his or her written consent to become a party plaintiff is filed with the court. The Court is not persuaded by the argument that federal courts may rewrite or disregard the statute to avoid harsh results in a particular case. Every appellate court to address the issue has read the statute literally and enforced § 256 according to its terms. *See Harkins v. Riverboat Services, Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004) ("We are inclined to interpret the statute literally. No appellate decision does otherwise."); *Atkins v. General Motors Corp.*, 701 F.2d 1124, 1130 n.5 (5th Cir. 1983) ("§ 256 also requires class plaintiffs to opt in, and limitations runs from the opt-in date. We cannot alter the express terms of the statute."); *In re Food Lion, Inc.*, No. 94-2360, 1998 WL 322682, *13 (4th Cir. June 4, 1998) (unpublished) ("Until a plaintiff, even a named plaintiff, has filed a written consent, he has not joined in the class action, at least for statute of limitations purposes.") (internal quotation omitted); *Archer v. Sullivan County*, No. 95-5214, 1997 WL 720406, *2 (6th Cir. 1997) ("The plaintiffs' complaint was filed on September 16, 1991. Their FLSA action was not considered to be commenced until December 23, 1991, when the individual plaintiffs filed written consent forms pursuant to 29 U.S.C. § 256(b)."); *see also Sperling v. Hoffmann-La Roche, Inc.*, 24 F.3d 463, 469 (3rd Cir. 1994) ("all class members who seek relief under FLSA must submit their affidavits of consent before the statute of limitations applying to their individual claims has run").

The Court finds that Section 256 is unambiguous and requires the named plaintiffs in a collective action to file written consents signifying their intention to act as party plaintiffs. Because no such consents were filed in this case with the Collective Action Complaint, the action was not commenced for purposes of the statute of limitations on that date.

The question thus becomes: When did the named plaintiffs commence a collective action for limitations purposes? Defendants urge the date of filing the executed, court-approved consent forms; Plaintiffs urge the date of filing their affidavits in support of conditional class certification. Upon consideration of this issue, the Court finds Plaintiffs' affidavits to be sufficient to signify their intention to be plaintiffs in a collective action and, therefore, to serve as their written consents for purposes of § 256(b).

In reaching this conclusion, the Court acknowledges that the affidavits merely recite facts to support the allegations of the Collective Action Complaint; they contain no statement that expresses an intention to become a party plaintiff. Nevertheless, each affidavit bears the full caption of the case, listing each named plaintiff and denominating them as "Plaintiffs," acting "Individually, and on behalf of other similarly situated employees and former employees." *See* Pls.' Mot. Conditional Class Certification [Doc. No. 18], Exs. 3-5. By submitting affidavits to support their claims, Plaintiffs demonstrated their intention to participate in the action, and the documents plainly showed them to be appearing as party plaintiffs in a representative action. Their signatures on the affidavits show their personal knowledge of the action filed by counsel on their behalf.

To conclude otherwise would be inconsistent with the purpose of the statute. FLSA's opt-in provision and written-consent requirement were added by the Portal-to-Portal Act of 1947 "in response to a "national emergency" created by a flood of lawsuits under the FLSA." *Cameron-Grant v. Maxim Healthcare Serv., Inc.*, 347 F.3d 1240, 1248 (11th Cir. 2003) (internal quotation omitted). Congress intended "to limit the parties who could bring suit under that statute" and "to prevent large group actions, with their vast allegations of liability, from being brought on behalf of employees who had no real involvement in, or knowledge of, the lawsuit." *Id*. (internal quotations omitted); *see also United Food & Commercial Workers Union v. Albertson's, Inc*., 207

F.3d 1193, 1200 (10th Cir. 2000). The written-consent requirement "sought to eradicate the problem of totally uninvolved employees gaining recovery as a result of some third party's action in filing suit." *Cameron-Grant*, 347 F.3d at 1248 (internal quotation omitted). Where, as here, a named plaintiff becomes personally involved in the litigation and submits a signed writing that demonstrates his willingness to pursue recovery, the purpose of the written-consent requirement has been satisfied.

Case law supports the view that a "written consent" may consist of any personally signed document indicating that the named individual has consented to being a plaintiff in the FLSA action. In *Montalvo v. Tower Life Bldg.*, 426 F.2d 1135, 1148 (5th Cir. 1970), there was simply a copy of a list of signatures attached to the complaint. When asked to produce the original list, the plaintiffs provided a document on which each plaintiff had signed his or her name "beneath a typewritten statement setting out the request that 'legal action be taken to secure my claim for me due me under the Fair Labor Standards Act.'" *Id*. The appellate court found this to be sufficient under the circumstances, analyzing the situation as follows:

> In the present case the filing of the xerox copy with the original complaint proved that the plaintiffs had signed something prior to the filing of the complaint, and defendants have never challenged the authenticity of the signatures themselves. However, since it was clear that the plaintiffs had not actually signed the complaint, defendants demanded the production of the original document in order to ascertain what the plaintiffs had signed. The plaintiffs, by producing the original document, established clearly that their intent in signing their names had been to evidence their consent to becoming parties plaintiff to an action under the Fair Labor Standards Act. In these circumstances we cannot hold that each plaintiff's act of signing the document was a futile exercise in penmanship. On the contrary, we agree with the district court that the filing of the xerox copy of the signatures, the intent of which was proved when challenged, constituted "written consent" on the part of the plaintiffs sufficient to toll the statute of limitations.

*Id*. at 1148-49. Similarly here, Plaintiffs' act of signing their affidavits and submitting them in support of their FLSA action provides sufficient "written consent" to be party plaintiffs.

For the reasons fully stated above, the Court finds that Plaintiffs commenced their collective action on July 6, 2007, when their signed affidavits were filed in the case record. Therefore, based on the facts shown by the pleadings and the case record, none of Plaintiffs' claims are subject to dismissal under Rule 12(c) as time barred.

IT IS THEREFORE ORDERED that Defendants' Motion for Judgment on the Pleadings [Doc. No. 473] is DENIED in its entirety.

IT IS SO ORDERED this 12th day of February, 2010.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE