IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICK GUIDRY, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-07-378-D |
| ) | |
| CHENEGA INTEGRATED SYSTEMS, ) | |
| L.L.C., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court is Plaintiffs' Motion for Protective Order [Doc. No. 289]. Plaintiffs seek to prohibit Defendants from conducting individualized discovery from members of the putative class who have opted to join this collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b). Defendants have timely opposed the Motion, which is fully briefed and at issue.[1]

A class of employees with wage claims was conditionally certified by Order of February 6, 2009, and modified by Order of March 16, 2009. At Plaintiffs' request, the Court approved a broad, inclusive definition of the class for notice purposes and adopted a starting date that is outside the statute of limitations for all opt-in plaintiffs, as to whom the action was not commenced until they filed written consents to become parties beginning in April, 2009. *See* 29 U.S.C. § 256(b). From the information supplied on the opt-in consent forms, it is clear that Plaintiffs will need to establish a basis for equitable tolling to prevent some opt-in plaintiffs' claims from being time barred.[2] Prior

---

[1] Defendants filed both a response brief and an amended response brief. The latter is disregarded because it was filed without permission, in violation of LCvR7.1(k).

[2] With Defendants' response, they submitted charts of opt-in plaintiffs who had filed consent forms as of May 12, 2009, showing that 53 individuals would be time-barred from any recovery because they ceased working for Defendants more than three years earlier and that 62 individuals would be time-barred from recovery unless a willful violation is established. Undoubtedly, the recovery of other individuals would be limited by the date of filing, even though their claims would not be completely time-barred.

to the filing of Plaintiffs' Motion, Defendants had begun to issue discovery requests for every individual who had consented to join the putative class in order to ascertain facts that may bear on the issue of equitable tolling. By the Motion, Plaintiffs assert that permitting "such [individualized] discovery would be unreasonably cumulative and duplicative, unduly burdensome and expensive, and contrary to the purpose of the FLSA Collective Action." *See* Pls.' Motion at 1. Plaintiffs argue that such discovery would require their counsel to advise every class member regarding timeliness and tolling issues and would raise logistical and communication difficulties due to a geographically diverse, nationwide class. Plaintiffs urge the Court to prohibit any discovery until the parties have developed a discovery plan that will permit class-wide discovery to proceed in an efficient, orderly fashion and that limits individual discovery as to opt-in plaintiffs "to a reasonable and representative sampling (of no more than 10%) of the total class." *See* Pls.' Motion at 14.

Defendants contend "there is no way to conduct representative discovery to determine the statute of limitations defense or equitable tolling," even though they intend to "take representative discovery on the merits." *See* Defs.' Resp. [Doc. No. 379] at 3 & n.2. This is so, Defendants argue, because the issue of equitable tolling must be determined on an individual basis as to each potential class member impacted by a time bar. Defendants assert that the timeliness issue should be the subject of early discovery and judicial decision because it will determine the class membership of some individuals. While acknowledging the time-consuming efforts and logistical problems of individualized discovery, Defendants note that Plaintiffs have essentially created these problems for themselves by insisting on a broad definition of the class and pursuing an equitable tolling theory.

From these arguments, it appears the parties agree that the discovery of facts relevant to the issue of equitable tolling is appropriate, but disagree regarding the manner and timing of such discovery. The questions presented by Plaintiffs' Motion are: 1) whether Defendants should be

allowed to obtain individualized discovery from all members of the putative class or only representative discovery; and 2) whether the parties should be required to formulate an agreed discovery plan before commencing discovery.

**Individualized Discovery**

The conditionally certified class consists of armed security guards employed by Defendants Chenega Technical Products, LLC or Chenega Integrated Systems, LLC at 15 military installations nationwide. Defendants provided Plaintiffs with the names of approximately 2,000 individuals in this class. Although the parties' briefs were filed before the end of the opt-in period, it appears from the case record that less than 400 consent forms have been filed. Prior to Plaintiffs' Motion, it appears Defendants had transmitted to Plaintiffs' counsel an interrogatory and a document request for every person who had filed an opt-in form, asking them to identify each fact and document that "relates to or supports any claim" for equitable tolling. *See* Pl.'s Motion [Doc. 289] at 4 & Ex. 4. Defendants' rationale for this approach is based on the Court's March 16 Order, which denied Plaintiffs' request that the issue of equitable tolling be determined without any factual record concerning the circumstances of absent class members. *See* Order 3/16/09 [Doc. 88] at 4-5. Defendants rely on certain statements in the March 16 Order for the proposition that the issue of equitable tolling must be resolved on an individual basis for each putative class member.[3]

By the March 16 Order, the Court denied as premature a motion filed by Plaintiffs to resolve the issue of equitable tolling before giving notice of the action. By their motion, Plaintiffs "ask[ed]

---

[3] Certain arguments in Defendants' response brief suggest they plan to issue discovery requests for every opt-in plaintiff, regardless of whether equitable tolling is necessary to preserve their claim. Defendants contend that even if an individual's claim is not time barred, the statute of limitations may limit recoverable damages and thus affect the value of the claim. In reply, Plaintiffs attempt to show the unreasonableness of Defendants' plan by pointing out that some opt-in plaintiffs' claims are unaffected by a time bar. Because the individuals identified by Plaintiffs filed their consent forms after Defendants' discovery requests were issued, however, it is unclear whether Defendants intend to pursue such discovery from these persons. Individual discovery outside the scope of Fed. R. Civ. P. 26(b)(1) could be quashed.

the Court to protect the rights of absent class members based solely on the pendency of this action and Plaintiffs' efforts to obtain class-wide relief," and the Court "reject[ed] Plaintiffs' position that litigation delay alone is enough to warrant equitable tolling in FLSA collective actions." *See* Order 3/16/09 [Doc. 88] at 4, 5. The Court also stated "the existence of factors that might justify tolling the limitations period" would depend on information regarding absent class members, and in a footnote, the Court observed that "Plaintiffs' attempt to apply decisions that have discussed the doctrine of equitable tolling in FLSA collective actions, without specific facts regarding absent class members, results in strained legal arguments." *Id.* at 4 & n.6. However, the Court did not rule that it would need to know the individual circumstances of each class member subject to a time-bar defense in order to determine the viability of their claims. The Court simply reasoned that it could not assess the applicability of the doctrine for potential plaintiffs whose circumstances were then unknown. Also contrary to Defendants' argument, the Court did not rule that litigation delay was an improper consideration. The Court simply ruled that litigation delay *alone* was not enough to warrant equitable tolling.[4]

As noted above, Plaintiffs urge that individualized proof would be contrary to the purposes of a collective action, while Defendants insist that Plaintiffs must justify at the outset of the case

---

[4] Plaintiffs correctly note that the Court did not identify in the March 16 Order a particular legal rule that will be applied in resolving the issue of equitable tolling. The Court again declines to issue an advisory opinion and decide, in the absence of a factual record, what circumstances might justify equitable tolling. The Court again notes, however, that the doctrine of equitable tolling has limited application under federal law. As stated by the Supreme Court:

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

*Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990) (citation and footnotes omitted).

4

equitable tolling as to each claim that might otherwise be time barred. The Court is not entirely persuaded by the arguments of either side.

Plaintiffs' argument that individualized discovery is inappropriate in an FLSA collective action is supported by case law in which the subject of discovery concerned liability or other class-wide issues. As to these issues, representative discovery makes eminent sense. The purpose of a collective action is served by resolving common factual and legal issues based on representative individuals. The Supreme Court has stated regarding the collective action procedure under a similar statute, the Age Discrimination in Employment Act, as follows:

> A collective action allows age discrimination plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity.

*Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

However, Plaintiffs apparently go further and urge the resolution of individual issues, such as damages, based on a representative sampling of putative class members and, as to equitable tolling, "based on the representations of Plaintiffs' counsel that the existence of this action has not been advertised and that no putative class members were solicited to join in this action by Plaintiffs' counsel prior to conditional class certification and notice, and based on the demonstrated diligence or lack thereof by the putative class in opting-into this action through the signing and filing of consents following their receipt of notice and first known opportunity to do so." *See* Pls.' Reply [Doc. No. 401] at 4. The latter argument is based on the proposition that, for purposes of equitable tolling in a collective action, the exercise of reasonable diligence by opt-in plaintiffs in pursuing their FLSA rights should be measured by whether they acted in a timely manner after receiving notice of the action and an opportunity to join a class of plaintiffs. *See Baden-Winterwood v. Life Time Fitness*, 484 F. Supp. 2d 822, 828 (S.D. Ohio 2007). The Court rejects this argument because,

taken to its logical conclusion, the statute of limitations would be extended for every opt-in plaintiff who filed a timely consent form, contrary to FLSA's provision for measuring the limitations period of an opt-in plaintiff from the date on which his or her written consent is filed with the court.

The Court does not mean to suggest that some issues common to the class of plaintiffs, or some subgroup of the class, might not be appropriate for resolution on a representative basis without requiring multiple individual plaintiffs to provide duplicative proof. For example, an argument for equitable tolling based on an employer's alleged failure to post the statutorily required notice of statutory rights under federal wage laws in a given workplace might be proven on a representative basis for all class members employed in that workplace. *See*, *e.g.*, *Hosking v. New World Mortg., Inc.*, 602 F. Supp. 2d 441, 448 (E.D.N.Y. 2009); *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 369 (S.D.N.Y. 2007). Or a group of plaintiffs affected by some other common circumstance, such as an employer's alleged policy or practice of discouraging wage claims, might seek to establish the circumstance without individual proof. *See*, *e.g.*, *Moreno v. United States*, 82 Fed. Cl. 387, 404 (Fed. Cl. 2008) (addressing FLSA plaintiffs' argument that employer tried to conceal nonpayment by notation on earnings statements). As a general proposition, however, the Court finds that proof of facts on which opt-in plaintiffs may rely to prove equitable tolling, like proof of individual damages, may differ among the class and that individualized discovery concerning these issues should not be prohibited.

Research reveals that the law is unsettled regarding the right to individualized discovery in FLSA collective actions. *Compare Adkins v. Mid-American Growers, Inc.*, 143 F.R.D. 171, 174 (N.D. Ill. 1992) (precluding individual discovery as inappropriate under the circumstances) *with Krueger v. N.Y. Tel. Co.*, 163 F.R.D. 446, 451 (S.D.N.Y. 1995) (permitting individualized discovery regarding damages in opt-in class action); *see also Hoffman v. Construction Protective Servs., Inc.*,

541 F.3d 1175, 1179 (9th Cir. 2008) (noting unsettled state of the law). One federal district court recently summarized the law regarding representative discovery in such actions as follows:

> [R]epresentative discovery, or "sampling," is a permissible procedure for determining damages in a collective action if the class is very large. *See, e.g., Long v. Trans World Airlines, Inc.*, 761 F. Supp. 1320, 1323 (N.D. Ill. 1991) (permitting sampling in class action brought by more than 3000 employees); *see also Smith v. Lowe's Home Ctrs.*, 236 F.R.D. 354, 358 (S.D. Ohio 2006) (approving representative discovery in case involving more than 1500 opt-in plaintiffs). However, in an FLSA collective action where the plaintiff class is small and the discovery is related to the question of whether the individual plaintiffs are similarly situated within the meaning of the FLSA, individualized discovery is often permitted. *E.g., Ingersoll v. Royal & Sunalliance USA, Inc.*, No. C05-1774-MAT, 2006 WL 2091097, at *2 (W.D. Wash. July 25, 2006) (approving individualized discovery of 34 opt-in plaintiffs relevant to defendant's anticipated motion to decertify); *see Renfro v. Spartan Computer Servs., Inc.*, Civil Action No. 06-2284-KHV, 2008 WL 821950, at * (Mar. 26, 2008) (ruling that defendants could depose 27 FLSA opt-in plaintiffs); *see also Krueger v. N.Y. Tel. Co.*, 163 F.R.D. 446, 451 (permitting individualized discovery on damages as to all 162 class members); *Coldiron v. Pizza Hut, Inc.*, No. CV03-05865TJHMCX, 2004 WL 2601180, at *2 (C.D. Cal. Oct.25, 2004) (granting motion to compel individualized discovery of 306 opt-in plaintiffs).

*Daniel v. Quail Intern., Inc.*, No. 3:07-CV-53 (CDL), 2010 WL 55941, *1 (M.D. Ga. Jan. 5,2010). In this case, the Court does not find the putative class to be so large that individualized discovery would be unmanageable or unreasonable. The Court further finds that such discovery should be permitted as to each opt-in plaintiff whose FLSA claim will be affected by a timeliness issue and who will rely on equitable tolling for his or her individual recovery.

On the other hand, the Court is not persuaded that Defendants should be permitted to proceed with individualized discovery in a piecemeal fashion, as they have attempted to do. Although Defendants attempt to push the equitable tolling issue to the forefront of the case by arguing that it may bear on the scope of the class, the current posture of the case is that only conditional certification has been granted. Prior to a determination that the members of the putative class are "similarly situated" under FLSA for purposes of proceeding with the case as a class action, individualized discovery may be premature. The Court believes Defendants' counsel should not

7

have undertaken individualized discovery based on their own notion of a sound plan, but should be required to consult Plaintiffs' counsel and attempt to agree in advance on a workable discovery plan. Accordingly, counsel should work together toward that end before individual opt-in plaintiffs are required to respond to Defendants' outstanding discovery requests.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Protective Order [Doc. No. 289] is GRANTED in part and DENIED in part as set forth above. The Court declines to prohibit individualized discovery concerning equitable tolling. However, the Court directs counsel for the parties to meet and confer in a good faith effort to formulate a plan for orderly and efficient discovery. If the parties are unable to reach an agreement regarding a discovery plan by March 22, 2010, then Plaintiffs shall move for entry of a court-ordered plan by filing a motion advising the Court of the parties' proposals and the unresolved issues.

IT IS SO ORDERED this 1st day of March, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE