IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICK GUIDRY, DAVE SPENCER, and ) <br> FREDERICK CUNNINGHAM, Individually,) <br> and on behalf of other similarly situated ) <br> employees and former employees, ) <br>   ) <br>   Plaintiffs, ) <br>   ) <br> v. ) <br>   ) <br> CHENEGA INTEGRATED SYSTEMS, ) <br> L.L.C., ) <br> CHENEGA TECHNICAL PRODUCTS, ) <br> L.L.C., ) <br> CHENEGA OPERATIONS SERVICES, ) <br> L.L.C., ) <br> CHENEGA SECURITY & PROTECTION ) <br> SERVICES, L.L.C., and CHENEGA ) <br> CORPORATION, ) <br>   ) <br>   Defendants. ) | CASE NO. 5:07-CV-00378-D |

**JOINT MOTION TO STAY DISCOVERY AND EXTEND DEADLINES**

Plaintiffs Rick Guidry, Dave Spencer, and Frederick Cunningham (collectively "Plaintiffs") and Defendants Chenega Integrated Systems, L.L.C., Chenega Technical Products, L.L.C., Chenega Operations Services, L.L.C., Chenega Security & Protection Services, L.L.C., and Chenega Corporation (collectively "Defendants"), by and through their respective counsel, jointly move the Court to stay discovery for a period of ninety (90) days in order to allow the parties to pursue the possibility of settlement. In support thereof, the parties state and have agreed to the following:

1.  On or about March 30, 2007, Plaintiffs, individually and on behalf of all other similarly situated employees, filed the instant action against Defendants.

1

2. Defendants filed their Answer to the Complaint on May 25, 2007.

3. On February 6, 2009, the Court granted in part Plaintiffs' Second Motion for Conditional Class Certification.

4. On March 16, 2009, the Court modified its February 6 Order to define the conditionally certified class as persons employed in the position of Armed Security Guard at certain security service military installations between September 2004 and October 2007. On March 24, 2009, the Court approved the notice to be sent by Plaintiffs' counsel to putative class members.

5. To date, approximately 400 individuals have filed consents to opt-in to the lawsuit as Plaintiffs.

6. The parties have engaged in written discovery (including requests for production and interrogatories) and have taken several depositions (including those of the named Plaintiffs).

7. Pursuant to the Court's September 29, 2009 Order, all discovery deadlines are to re-commence thirty days after the Court ruled on Defendants' motion for judgment on the pleadings, which was February 12, 2010. Thus, the discovery deadlines recommenced on March 14, 2010.

8. Because the parties believe settlement may be obtained without the need for additional expenditures on formal discovery, and due to the limited amount of time remaining in the discovery period, the parties request that the Court stay discovery in this case for a period of ninety (90) days to allow the parties to engage in settlement discussions. The parties have agreed to negotiate in good faith in an attempt to settle all

claims in this case.

9. The parties agree that, although formal discovery shall be suspended during the stay, the parties will continue to exchange information in good faith for the limited purpose of facilitating settlement. The parties agree that, unless the parties agree otherwise, any information produced during the stay period shall be held in strict confidentiality and shall be deemed "attorney's eyes only." The parties also agree that any information produced during the stay period shall be used for settlement purposes only and shall not be used for purposes of the litigation should the parties be unable to resolve all claims in the case. This agreement is without prejudice and does not waive any parties' right to further address the proper scope of confidentiality of the documents and information produced during the stay period if a settlement is not achieved.

10. Plaintiffs agree to send Defendants their settlement demand by April 16, 2010. Defendants agree to send Plaintiffs their counter-demand by May 15, 2010.

11. Should the parties be unable to resolve all claims in the case informally, the parties agree to schedule mediation after Defendants receive Plaintiffs' settlement demand but prior to the end of the stay.

12. The parties agree that, if they are unable to successfully settle the case, either party may notify the Court within fourteen (14) days after the failed settlement. Upon such notification, the stay will be immediately lifted and the extended deadlines set forth herein shall apply. If no notice under this paragraph is given to the Court, the stay shall automatically be lifted after a period of ninety (90) days.

13. The parties will file a joint status report with the Court concerning the

status of their settlement discussions forty-five (45) days after the entry of an Order granting this motion.

14. Because notice has already been mailed to potential class members, the requested stay will not result in any prejudice to potential members of the FLSA overtime class should the parties' settlement negotiations prove unsuccessful.

15. In the event that the parties are unable to reach a settlement, the parties jointly request an additional one hundred twenty (120) days to complete discovery, including all evidentiary depositions and any motions based on discovery disputes that may arise. The parties requests that this discovery period commence immediately upon the lifting of the stay pursuant to the terms of Paragraph 12 of this joint motion. Within ten (10) days of the lifting of the stay, the parties shall confer and jointly submit to the Court a proposed scheduling order addressing all other pretrial deadlines, to include the recently expired expert witness deadline for Plaintiff.

16. The requested stay is not made in bad faith or for the purposes of delay.

WHEREFORE, the parties respectfully request that the Court grant this Joint Motion to Stay Discovery and issue an Order staying discovery for a period of ninety (90) days. A proposed order is attached for the Court's consideration and will be separately electronically served upon the Court in accordance with the Court's Electronic Filing Policies and Procedures Manual.

Respectfully submitted this 16th day of March, 2010.

| For Plaintiff: | For Defendant: |
|---|---|
| */s/ Patrick J. Holman* | */s/ Stephen X. Munger* |
| Rand C. Eddy, OBA #11822 | Stephen X. Munger |
| Patrick J. Holman, OBA #21216 | L. Dale Owens |
| EDDY LAW FIRM, P.C. | Owen T. Hill |
| 228 Robert S. Kerr Ave., Suite 220 | Gregory L. Smith, Jr. |
| Oklahoma City, OK 73102 | JACKSON LEWIS LLP |
| Telephone: (405) 239-2524 | 1155 Peachtree Street |
| Facsimile: (405) 239-2665 (FAX) | Suite 1000 |
| rand@eddy-law.com | Atlanta, Georgia 30309 |
| patrick@eddy-law.com | Telephone: (404) 525-8200 |
| | Facsimile: (404) 525-1173 |
| | mungers@jacksonlewis.com |
| Edward W. Dzialo, Jr., OBA # 2579 | owensd@jacksonlewis.com |
| Law Firm of Godlove, Mayhall, | hillo@jacksonlewis.com |
| Dzialo, Dutcher & Erwin, PC | smithg@jacksonlewis.com |
| 802 SW C Avenue, PO Box 29 | |
| Lawton, Oklahoma 73501 | Sam R. Fulkerson, Esq. |
| Telephone: (580) 353-6700 | McAfee & Taft |
| Facsimile: (580) 353-2900 | Two Leadership Square, 10th Floor |
| ewd@gmdde.com | 211 North Robinson |
| | Oklahoma City, OK 73102-7103 |
| | Telephone: (405) 552-2369 |
| | Facsimile: (405) 228-7369 |
| | sam.fulkerson@mcafeetaft.com |

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICK GUIDRY, DAVE SPENCER, and FREDERICK CUNNINGHAM, Individually, and on behalf of other similarly situated employees and former employees,<br><br>       Plaintiffs,<br><br>v.<br><br>CHENEGA INTEGRATED SYSTEMS, L.L.C., CHENEGA TECHNICAL PRODUCTS, L.L.C., CHENEGA OPERATIONS SERVICES, L.L.C., CHENEGA SECURITY & PROTECTION SERVICES, L.L.C., and CHENEGA CORPORATION,<br><br>       Defendants. | CASE NO. 5:07-CV-00378-D |

## [PROPOSED] ORDER

This matter comes before the Court on the parties' Joint Motion to Stay Discovery. Upon consideration of the parties' motion and the representations made therein, the Court **GRANTS** the parties' joint motion. Discovery shall be stayed for a period of ninety (90) days in order to allow the parties to negotiate in good faith in an attempt to settle the case, in accordance with the terms set forth in the parties' Motion. The parties are **DIRECTED** to submit a joint status report within forty-five (45) days of the entry of this Order.

In the event that the parties are unable to reach a settlement, the parties shall have an additional one hundred twenty (120) days to complete discovery, including all

evidentiary depositions and any motions based on discovery disputes that may arise. This discovery period shall commence immediately upon the lifting of the stay pursuant to the terms the parties joint motion. Within ten (10) days of the lifting of the stay, the parties shall confer and jointly submit to the Court a proposed scheduling order addressing all other pretrial deadlines.

    SO ORDERED this ___ day of March, 2010.

                                                                                                          _____
                                                                                                         TIMOTHY D. DeGIUSTI
                                                                                                         UNITED STATES DISTRICT JUDGE