## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICK GUIDRY, DAVE SPENCER, and FREDERICK CUNNINGHAM, individually, and on behalf of other similarly situated employees and former employees, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | CASE NO. 5:07-CV-00378-D |
| v. | ) ) | |
| CHENEGA INTEGRATED SYSTEMS, L.L.C., CHENEGA TECHNICAL PRODUCTS, L.L.C., CHENEGA SECURITY & PROTECTION SERVICES, L.L.C., AND CHENEGA CORPORATION, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) ) | |

## PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES, REIMBURSED COSTS AND FOR INCENTIVE AWARD

**COME NOW** the Plaintiffs and respectfully file their Unopposed Motion for Attorney

Fees, Reimbursed Costs, and for Incentive Award and respectfully show and allege the

following:

### A. Background

The parties have agreed to settle this matter and in tandem with the filing of this motion,

the parties are filing their Joint Stipulation of Settlement and Release.   In this regard, the parties'

Settlement Agreement, among other things, provides Defendants do not object to Plaintiffs'

attorneys applying for an attorney fee amounting to forty percent (40%) of the six hundred and

twenty-five thousand dollar ($625,000) Common Fund that has been established.   The Settlement

also provides that each named Plaintiff, Rich Guidry, David Spencer, and Frederick

Cunningham, is entitled to an incentive award of fifteen thousand dollars ($15,000.00) each and

that Plaintiffs' counsel are entitled to an expense reimbursement up to $9,000.00.

Plaintiffs have attached hereto a copy of the Attorney-Client Contingency Fee Agreement

(Exhibit 1) together with the Opt-In Consent form ( Exhibit 2) filed by each Opt-In Plaintiff

which specifically approves a forty percent (40%) contingency fee agreement as well a consent

to be bound by any judgment by the Court or by any settlement of this action.  Each of the opt-in

Plaintiffs designated the named Plaintiffs "as their agent to make decisions concerning the

litigation, the method and manner of conducting the litigation, and all matters pertaining to the

lawsuit."  Accordingly, Plaintiffs request that the Court conduct a hearing to approve the

settlement as well as the above mentioned attorney fees, incentive award, and expense

reimbursement.  Each opt-in shall be provided notice of the settlement and hearing date.

## B.  Applicable Legal Standards – Common Fund Attorneys' Fees

i.      The preferred method of determining a reasonable attorney fee award in
        common fund cases is the percentage of fund analysis. *Rosenbaum v.
        MacAllister*, 64F.3d   1439, 1445 (10th Cir. 1995); *Gottlieb v. Barry*, 43
        F.3d 474, 482-483 (10th Cir. 1993).

ii.     In making the determination of whether the requested fee is reasonable,
        the court must consider the following twelve (12) so-called *Johnson*[1]
        factors: (1) the time and labor required, (2) the novelty and difficulty of
        the questions presented by the case, (3) the skill requisite to perform the
        legal service properly, (4) the preclusion of other employment by the
        attorneys  due to acceptance of the case, (5) the customary fee, (6) whether
        the fee is fixed or contingent, (7) any time limitations imposed by the
        client or the circumstances, (8) the amount involved and the results
        obtained, (9) the experience, reputation, and ability of the attorneys, (10)
        the "undesirability" of the case, (11) the nature and length of the
        professional relationship with the client, and (12) awards in similar cases.
        *E.g. Rosenbaum*, 64 F.3d at 1445 n. 3.

iii.    While the *Johnson* factors must be addressed, "rarely are all the *Johnson*
        factors applicable; this is particularly so in a common fund situation."
        *Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849 854 (10th

---

[1] *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974).

Cir. 1993); *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 456 (10th Cir. 1988).

iv.     If the other *Johnson* factors, combined, warrant approval of the common-fund fee sought by class counsel, the court need not engage in a detailed, lodestar-type analysis of the "time and labor required" factor. See *Brown*, 838 F.2d at 456 ("We hold here only that in awarding attorneys' fees in a common fund case, the 'time and labor involved' factor need not be evaluated using the lodestar formulation when, in the judgment of the trial court, a reasonable fee is derived by giving greater weight to other factors, the basis of which is clearly reflected in the record."

v.      Class counsel's willingness to prosecute a matter on a contingent basis ordinarily shifts the analytical focus away from hours spent on the case to the ultimate result class counsel has obtained. *See e.g. In re Harrah's Entm't*, 1998)("To overly emphasize the amount of hours spent on a contingency fee case would distort the value of the attorneys' services.").

vi.     Fees in the range of at least one-third of the common fund are frequently awarded in class action cases of this general variety. *See e.g. Lucas v. Kmart Corp.*, 2006 U.S. Dist. LEXIS 51420 at (D. Colo. July 27, 2006); *Vaszlavik v. Storage Tech. Corp.*, 2000 U.S. Dist. LEXIS 21140 at **4-5 (D. Colo. 2000 March 9, 2000); *Cimarron Pipeline Const., Inc., v. Nat'l Council On Compensation Ins.*, 1993 U.S. Dist. LEXIS 19969 at (W.D. Okla. June 8, 1993)("Fees in the range of 30-40% of any amount recovered are common in complex and other cases taken on a contingent fee basis."); *see also* 4 Robert Newberg, *Newberg on Class Actions* § 14:6 at 551 (4th ed. 2002) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery.").

vii.    When recovery is "highly contingent" and it is determined counsel's efforts "were instrumental in realizing recovery on behalf of the class," the eight "results obtained" *Johnson* factor can be accorded a greater weight. *See Brown*, 838 F.2d at 456; *Millsap v. McDonnell Douglas Corp.*, 2003 U.S. Dist. LEXIS 26223 (N.D. Okla. May 28, 2003); *In re Qwest Communications Int'l Secs. Litigation*, No. 01-cv-   01451-REB-CBS, 2006 U.S. Dist. LEXIS 71267 (D. Colo. September 29, 2006).

## C. Evidence Supporting Requested Common Fund Fee Award

Attached to this motion as Exhibits "3" and "4", respectively, are the declarations of class

counsel, Edward W. Dzialo, Jr. and Rand C. Eddy. These declarations, reflect all of the *Johnson*

factors are satisfied. Accordingly, Plaintiffs request an attorneys' fee award of forty percent (40%) of the six hundred and twenty-five thousand dollar ($625,000.00) common fund.[2]

## D. Legal Standards and Evidence Supporting Incentive Award

"An incentive award is meant to compensate the named plaintiffs for any personal risk incurred by the individual or any additional effort expended by the individual for the benefit of the lawsuit." *Berrios v. Sprint Corp.,* 1998 U.S. Dist. LEXIS 22833, (S.D.N.Y. 1998); *see also Roberts v. Texaco,* 979 F. Supp. 185, 187-88 (S.D.N.Y. 1997)(approving incentive awards for a class plaintiff who "provided valuable assistance to counsel in prosecuting the litigation").

Prior to the litigation, Messrs Guidry, Spencer, Cunningham, and other Chenega employees were interviewed extensively and provided numerous documents to facilitate an evaluation of the case.   After the litigation was filed, each named plaintiff responded to written discovery and deposed on two occasions, once in Lawton, Oklahoma and once in Oklahoma City, Oklahoma.  Each named plaintiff participated in the preparation for mediation and all attended the mediation session in Oklahoma City on September 22, 2010.  Messrs Guidry, Spencer, and Cunningham provided valuable assistance to counsel in prosecuting this litigation and are deserving of the requested fifteen thousand dollar ($15,000.00) incentive award.

## E. Expense Reimbursement

Finally, a description of the proposed class counsel's expenses to be reimbursed is contained in the second exhibit to Mr. Dzialo's and Mr. Eddy's declaration, which are attached hereto. As the Court will see, these expenses were necessary and reasonably incurred.  Plaintiffs thus respectfully ask the Court to approve an expense reimbursement in the amount not to exceed $9,000.00.

---

[2] Judge Cauthron recently approved forty percent (40%) of the common fund in *Ponca Tribe of Indians of Oklahoma et al v. The Continental Carbon Co. et al,* 2009 U.S. Dist. LEXIS 82522.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully pray that the Court, upon hearing, grant this motion by awarding counsel the amount of two hundred and fifty thousand dollars ($250,000.00) in common fund attorneys' fees, as well as fifteen thousand dollars ($15,000.00) to each named plaintiff for an incentive award and expense reimbursement.

Respectfully submitted,

Edward W. Dzialo, Jr., OBA #2579
GODLOVE, MAYHALL, DZIALO,
DUTCHER & ERWIN, P.C.
802 SW "C" Avenue – P.O. Box 29
Lawton, OK 73502
Telephone: (580) 353-6700
Facsimile: (580) 353-2900
ewd@gmdde.com

Rand C. Eddy, Esq., OBA #11822
Eddy Law Firm
228 Robert S. Kerr Ave., Suite 200
Oklahoma City, OK 73102
Telephone: (405) 239-2524
Facsimile: (405) 239-2665
rand@eddy-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on December ___, 2010, I electronically transmitted the foregoing Plaintiffs' Unopposed Motion for Attorneys' Fees, Reimbursed Costs, and for Incentive Award to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Stephen X. Munger
L. Dale Owens
Gregory L. Smith, Jr.
Justin Barnes
JACKSON LEWIS LLP
1155 Peachtree Street
Suite 1000
Atlanta, Georgia 30309
Telephone:  (405) 525-8200
Facsimile:  (405) 525-1173
mungers@jacksonlewis.com
owensd@jacksonlewis.com
smithg@jacksonlewis.com
barnesjr@jacksonlewis.com

Sam R. Fulkerson, Esq.
McAfee & Taft
Two Leadership Square, 10th Floor
211 North Robinson
Oklahoma City, OK 73102-7103
Telephone:  (405) 552-2369
Facsimile:  (405) 225-7369
sam.fulkerson@mcafeetaft.com

Edward W. Dzialo, Jr