## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICK GUIDRY, DAVE SPENCER, and FREDERICK CUNNINGHAM, individually, and on behalf of other similarly situated employees and former employees, <br><br> Plaintiffs, <br><br> v. <br><br> CHENEGA INTEGRATED SYSTEMS, L.L.C., CHENEGA TECHNICAL PRODUCTS, L.L.C., CHENEGA SECURITY & PROTECTION SERVICES, L.L.C., AND CHENEGA CORPORATION, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )     **CASE NO. 5:07-CV-00378-D** |

### AFFIDAVIT OF EDWARD W. DZIALO, JR.

STATE OF OKLAHOMA      )
                              )
COUNTY OF COMANCHE     )

         1.      The facts stated in this declaration are within my personal knowledge and are true and correct.

         2.      I am a partner in the law firm of Godlove, Mayhall, Dzialo, Dutcher & Erwin and together with the Eddy Law Firm of Oklahoma City, Oklahoma, have represented the plaintiffs through the entirety of this litigation including a substantial amount of time expended prior to the filing of the complaint.



3.     This case was undertaken on a contingent fee basis and a copy of the agreement is attached to this motion.

4.     Each opt-in consent filed in this litigation reflects an agreement to the contingent fee of forty percent (40%) of the common fund recovery.  A sample of the opt-in consent form is also attached to this motion.

5.     The negotiated settlement between the parties provides that plaintiffs' counsel will seek court approval for attorneys' fee representing forty percent (40%) of the common fund and defendants have agreed not to object to the fee request.

6.     To support the requested attorneys' fee, I have reviewed the work I have performed over the last four (4) years.  The reasonable and necessary legal services associated with it to date and anticipated, are categorized and described as follows:

| | |
|---|---|
| Case Investigation, document review, interviews | 83 hours |
| Research regarding FLSA collective action and potential defenses | 9 hours |
| Drafting, revising and filing initial complaint, summons | 7 hours |
| Doc. Review/initial disclosures and court appearance in OKC | 14 hours |
| Additional case investigation/legwork/client communications | 29 hours |
| Letters, email and telephone conferences with counsel | 26 hours |
| Review written discovery from defendants and prepare responses | 18 hours |
| Review file; draft written discovery to defendants | 11 hours |
| Review written discovery responses and documents from defense | 14 hours |
| Prepare for and attend 6 depositions (plaintiffs) | 33 hours |
| Review deposition transcripts, court orders, time sheets of opt-in plaintiffs | 29 hours |

2

| | |
|---|---|
| Assorted motion practice/court filings/legal research/briefing<br>    a) Motion for Judgment on Pleadings<br>    b) Equitable tolling<br>    c) Protective Order | 88 hours |
| Draft and file motion/amended motion for collective certification | 42 hours |
| Interaction with expert witnesses/damage calculations | 28 hours |
| Pre-Mediation Settlement negotiations and document review/<br>preparation | 38 hours |
| Prepare for and attend case mediation in OKC | 26 hours |
| Post-mediation settlement negotiations, draft, review and revise<br>documentation; court appearance | 45 hours |
| | 540 total hours |

7.     I have specifically excluded all time and expenses related to the "Joint Employment" issue.

8.     Over the past thirty-two (32) years of my law practice, I have handled many employment related cases in both Federal and State courts. In addition, I have briefed and argued appeals in the Oklahoma Supreme Court, the United States Court of Appeals for the Fifth, Tenth, and Federal Circuits. I am also admitted to practice in the United States Claims Court and the United States Supreme Court. My hourly rate for litigation is $250.00 per hour.

9.     The settlement entered into was fairly and honestly negotiated. This case was mediated on September 22, 2010, with a mutually agreed upon private mediator, Hunter R. Hughes, Esq. of Rogers and Harden L.L.P. who is an experienced wage and hour class action mediator with a national reputation. At the time of mediation, and without limitation, the merits of the case had been thoroughly investigated, the case had been on file for approximately three and half years, significant discovery has been conducted and plaintiffs' deposition had been taken. In addition, significant legal research and briefing has been done a variety of issues.

Accordingly, it is my view that all the parties, at the time of mediation, had a thorough grasp of all issues relating to anticipated discovery on the issue of equitable tolling, decertification, dispositive motions, and expenses relating to expert witness(s) and trial.

10.     The litigation related costs/expenses are as follows:

    1. Depositions                 $683.35

    2. Legal Research (Lexis)    $478.00

    3. U.S. First Class Postage   $1,695.12

    4. In-office photocopying    $575.00

    5. Federal Express         $228.00

    6. Facsimile Charges       $328.00

       Total costs/expenses     $3987.47

Edward W. Dzialo, Jr., OBA #25719
GODLOVE, MAYHALL, DZIALO,
DUTCHER & ERWIN, P.C.
802 SW "C" Avenue – P.O. Box 29
Lawton, OK 73502
Telephone: (580) 353-6700
580) 353-2900
ewd@gmdde.com

4

Subscribed and sworn to before me this ⟍9th⟍ day of December, 2010.

NOTARY PUBLIC

(SEAL) COMM #
10009006
EXP. 10/27/14
IN AND
FOR

_____
My Commission Expires