IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICK GUIDRY, DAVE SPENCER, and FREDERICK CUNNINGHAM, Individually, and on behalf of other similarly situated employees and former employees, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | CASE NO. 5:07-CV-00378-D |
| v. | ) ) ) | |
| CHENEGA INTEGRATED SYSTEMS, L.L.C., CHENEGA TECHNICAL PRODUCTS, L.L.C., CHENEGA OPERATIONS SERVICES, L.L.C., CHENEGA SECURITY & PROTECTION SERVICES, L.L.C., and CHENEGA CORPORATION, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## JOINT STIPULATION OF SETTLEMENT AND MOTION TO APPROVE SETTLEMENT AGREEMENT

WHEREAS on March 30, 2007, Plaintiffs Rick Guidry, Dave Spencer, and Frederick Cunningham ("Plaintiffs"), filed a civil action in the United States District Court for the Western District of Oklahoma against Chenega Integrated Systems, LLC, Chenega Technical Products, LLC, Chenega Operations Services, LLC, Chenega Security & Protection Services, LLC, and Chenega Corporation ("Defendants" or "Chenega"), on behalf of themselves and other similarly-situated current and former employees of Chenega;

WHEREAS, in their Complaint, Plaintiffs assert a single claim under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA");

WHEREAS, the parties attended a settlement conference in Oklahoma City, Oklahoma with a mutually-agreed upon private mediator, Hunter R. Hughes, Esq. of Rogers & Hardin, LLP, to discuss a possible resolution of this matter;

WHEREAS, Mr. Hughes is an experienced wage and hour class action mediator with a national reputation;

WHEREAS, at the settlement conference, the parties agreed in principle to the terms of a settlement of the above-captioned pending action;

WHEREAS, it is the desire of all Parties to fully, finally, and forever memorialize, settle, compromise, and discharge all disputes and claims that have been brought in the pending action or that reasonably arise out of the facts alleged in the pending action;

NOW, THEREFORE, in consideration of the mutual covenants, promises and warranties set forth herein, the Parties agree, subject to the Court's approval, as follows:

1. This Joint Stipulation of Settlement and Release (hereinafter "Settlement Agreement") is made and entered into by and between the following Parties: Plaintiffs RICK GUIDRY, DAVE SPENCER, and FREDERICK CUNNINGHAM, individually and on behalf of themselves and all others similarly situated ("Plaintiffs") and Defendants CHENEGA INTEGRATED SYSTEMS, LLC, CHENEGA TECHNICAL PRODUCTS, LLC, CHENEGA OPERATIONS SERVICES, LLC, CHENEGA SECURITY & PROTECTION SERVICES, LLC, CHENEGA CORPORATION, and ANY AND ALL SUBSIDIARIES AND CORPORATE AFFILIATES ("Defendants" or "Chenega"). This Settlement Agreement is subject to the terms and conditions herein and the approval of the Court.

2. Plaintiffs and Defendants herein are collectively referred to as "the Parties," and "Class Counsel" refers to Eddy Law Firm, P.C. and Godlove, Mayhall, Dzialo, Dutcher & Erwin.

3. **Settlement Class.** The "Settlement Class" or the "Class" includes:

   All persons who were employed by Chenega Technical Products, LLC or Chenega Integrated Systems, LLC in the position of "Armed Security Guard" and who filed an "Opt-In Consent to Sue Form" in the above-captioned case.

4. **Class Period.** The "Class Period" will be defined as any time during the period beginning March 30, 2004 to October 2007.

5. Defendants deny any liability or wrongdoing of any kind associated with the claims alleged in Plaintiffs' Complaint or in any other document filed in conjunction with this case.

6. It is the intention of the Parties that this Settlement Agreement shall constitute a full and complete settlement and release (as defined in Paragraph 23 below), which release includes in its effect all affiliated entities and agents, and all present and former subsidiaries, divisions, parent companies, holding companies, stockholders, officers, directors, employees, agents, servants, representatives, attorneys, insurers, affiliates, successors and assigns of Defendants.

7. Class Counsel have conducted a thorough investigation into the facts of the case, including an extensive review of voluminous documents and data produced by Defendants to Plaintiffs, and have diligently pursued investigation and prosecution of Plaintiffs' claims against

Defendants. Based on their own independent investigation and evaluation, Class Counsel is of the opinion that this Settlement with Defendants for the consideration and on the terms set forth in this Settlement Agreement is fair, reasonable, adequate, and in the best interest of the Class in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by Defendants, and potential certification issues. Defendants and Defendants' counsel also agree the Settlement is reasonable and fair.

8. The Parties agree to cooperate and take all steps necessary and appropriate to obtain preliminary and final approval of this Settlement and to dismiss this action with prejudice upon complete performance of the terms and conditions of the Settlement.

9. The payments under this Settlement Agreement, including attorneys' fees, costs, and enhancement payments to the named Plaintiffs, shall be a total of Six Hundred and Twenty-Five Thousand Dollars ($625,000.00). This sum of Six Hundred and Twenty-Five Thousand Dollars ($625,000.00) shall be referred to herein as the "Settlement Fund." Except as specifically set forth in this Settlement Agreement in Paragraphs 11(h)-(i), under no circumstances shall Defendants be required to pay more than Six Hundred and Twenty-Five Thousand Dollars ($625,000.00) under this Settlement Agreement.

10. **Settlement Effective Date.** The Settlement embodied in this Settlement Agreement shall become effective on the Settlement "Effective Date," which is defined as: the date of the Court's final approval of this Settlement.

11. **Payments Out of the Settlement Fund.**

   a. **Net Settlement Fund.** The entirety of the Net Settlement Fund (defined as the Settlement Fund less any enhancement payments to the named Plaintiffs and less the attorneys' fees and costs paid to Class Counsel) will be available for payment to Class Members. The entire Net Settlement Fund will be divided *pro rata* among Class Members pursuant to the calculations set forth in subsections 11(b)-(c), below.

   b. **Class Members' *Pro Rata* Settlement Share:** Each Class Member's *pro rata* settlement share shall be based on the Class Member's claimed damages during the relevant Class Period.

   c. **Determination of Amount Earned as a Class Member:** The number of workweeks worked by each Class Member during the three years immediately preceding his or her filing of an Opt-In Consent form in this case will be determined by Class Counsel using records previously produced to Plaintiffs by Defendants, subject to a Class Member's ability to demonstrate an error in the same. Class Counsel will then divide the Net Settlement Fund by the total number of workweeks for all Class Members to determine a per week settlement payment. Each Class Member's share of the settlement shall then be determined by multiplying the per week settlement payment by the number of workweeks worked by that Class Member during the relevant time period. The Class Members who did not work any workweeks during the three years preceding his or her filing of an Opt-In Consent form in this case will receive a

payment of $250.00, to be taken out of the Net Settlement Fund prior to the determination of the "per week settlement payment".

d.  **Attorneys' Fees and Costs:** Class Counsel will apply to the Court for payment from the Settlement Fund of no more than $250,000 in attorneys' fees, which amounts to a total of 40% percent of the Settlement Fund and costs not to exceed $9,000. Defendants and Defendants' counsel will not oppose such a request.  The total attorneys' fees and costs actually paid from the Settlement Fund will be as approved by the Court in its Final Order.  The enforceability of this Agreement is not contingent on the amount of attorneys' fees or costs awarded.  Without limiting the generality of the foregoing, any dispute regarding the amount of attorneys' fees or costs, and/or any appeal related thereto, shall not affect or delay the finality of this Agreement, and shall not affect or delay the entry of dismissal of the Lawsuit.

e.  **Enhancement Awards to Plaintiffs:** Class Counsel will apply to the Court for (and Defendants will not oppose) payments from the Settlement Fund of $15,000 each to named Plaintiffs Rick Guidry, Dave Spencer, and Frederick Cunningham in recognition of their roles and participation as named Plaintiffs and their release of claims.  These amounts shall be in addition to the named Plaintiffs' shares from the Net Settlement Fund.  The enforceability of this Agreement is not contingent on the amount of any enhancement awards that are granted by the Court.

f.  **General Releases from Named Plaintiffs:** Each named Plaintiff (specifically, Rick Guidry, Dave Spencer, and Frederick Cunningham) shall execute a general release of all claims such as that attached hereto as Exhibit D.

g.  **Tax Allocations:** The settlement funds paid to each Class Member, not including any enhancements paid to the named Plaintiffs, shall be allocated as follows: (1) 50 percent of the total payment to each Class Member shall be allocated to wage claims; and (2) 50 percent of the total payment to each Class Member shall be allocated to all non-wage claims, including liquidated damages, interest and other applicable statutory penalties under state law.  The wage portion shall be subject to deductions as required by law.  The non-wage portion shall be paid without deductions, but a Form 1099 will be issued as required by law.  (All employer-paid and due taxes on the wage portions of this Settlement, including FICA, FUTA, shall be paid out of the Net Settlement Fund.)?

h.  **Tax Reporting:** Class Counsel shall provide to each Class Member receiving a payment from the Settlement fund a Form W-2 (for wages) and an IRS Form 1099 (for non-wages).  The issuance of IRS Form 1099 shall be required for non-wages in excess of $600.00.  The named Plaintiffs will also receive an IRS Form 1099 for any enhancement payments they receive.  Class Counsel will receive an IRS Form 1099 for the attorneys' fees awarded to Class Counsel.

Defendants shall pay to Class Counsel a sum of Ten Thousand Dollars ($10,000.00) to cover the costs of the administration and distribution of the Settlement Fund.  This

sum of Ten Thousand Dollars ($10,000.00) shall be in addition to the Settlement Fund of Six Hundred and Twenty-Five Thousand Dollars ($625,000.00).

i. **Mediator's Fee**: Defendants agree to pay the mediator's fees and expenses, which shall be in addition to the Settlement Fund of Six Hundred and Twenty-Five Thousand Dollars ($625,000.00) and the Ten Thousand Dollar ($10,000.00) administration fee referenced above.

### SETTLEMENT PROCEDURE

12. Defendants will provide to Class Counsel, to the extent not already provided, all information reasonably necessary for Class Counsel to compute each Class Members' *pro rata* shares of the Net Settlement Fund. Defendants shall provide this information on a confidential basis.

13. **Notice to the Class Members.** A Notice of Class Action Settlement (the "Notice" substantially in the form attached hereto as Exhibit A and approved by the Court, including any modifications at the direction of the Court shall be sent by Class Counsel to the Settlement Class, by first-class mail, within twenty (20) calendar days after entry of the order of preliminary settlement approval.

14. Class Counsel shall file with the Court and provide to Defense Counsel, at least five (5) days prior to the final fairness hearing, a declaration by Class Counsel outlining Class Counsel's actions in mailing the Notice.

15. All Settlement Class Members will be bound by the final approval order, the judgment, and the releases set forth in this Agreement.

### SETTLEMENT PAYMENT PROCESSES

16. Defendants shall wire to Class Counsel's Trust Account Six Hundred and Thirty Five Thousand Dollars ($635,000.00), which represents the Settlement Fund plus the administration fee described above, within three (3) business days of the Settlement Effective Date as defined above.

17. Class Counsel shall mail or deliver all settlement payments and enhancement payments within thirty (30) calendar days of the receipt of the settlement funds from Defendants.

18. Class Members shall have 180 calendar days after mailing of the checks by Class Counsel to cash their settlement checks or replacement checks issued because of insufficient address. Any portion of the Settlement Fund that Settlement Beneficiaries do not claim by negotiating the checks sent to them within 180 days of the date of the check is issued will be paid to United Way of Lawton/Fort Sill.

**RELEASE BY THE CLASS**

19. Upon final approval by the Court of this Settlement Agreement (and except as to such rights or claims as may be created by this Settlement Agreement), the Settlement Class, each Member of the Class and the Plaintiffs fully release and discharge Defendants and their present and former subsidiaries, divisions, parent companies, holding companies, stockholders, officers, directors, employees, agents, servants, representatives, attorneys, insurers, affiliates, successors and assigns from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that were alleged or that reasonably arise out of the acts alleged in *Guidry, et al. v. Chenega Integrated Systems, LLC, et al.*, Case No. 5:07-CV-00378-D (W.D. Okl.), which means all claims for allegedly uncompensated pre- and post-shift activities, and including associated liquidated damages, interest, and penalty claims that were asserted or could have been asserted in this lawsuit under state or federal law. This release includes all off-the-clock FLSA or other off-the-clock federal claims plus all off-the-clock claims under state minimum wage laws, state wage payment and collection laws, state overtime statutes, under state common law and equitable principles, and pursuant to wage contract claims. The statutes subject to this release include, but are not limited to, the following:

- The Fair Labor Standards Act;

- The California Wage Payment Act, as amended, and CAL. LAB. CODE, as amended (Each Settlement Class Member also expressly waives any right or benefit available to him in any capacity under the provisions of CAL. CIV. CODE § 1542);

- The Kentucky Wages and Hours Act, (KY. REV. STAT. § 337.010 et. seq.); and

- The N.Y. LAB. LAW, as amended.

20. In addition, there shall be included language on the back of each check sent to all Class members stating "By accepting this payment, I waive any right to bring suit for back wages under the Fair Labor Standards Act and applicable state law for off-the-clock claims through October 1, 2010. The Parties acknowledge and agree that there is a good faith dispute as to whether such amount for alleged unpaid wages is owing and that the amount paid to each Settlement Class Member represents a good faith compromise of such dispute.

**DUTIES OF THE PARTIES PRIOR TO PRELIMINARY COURT APPROVAL**

21. Promptly upon execution of this Settlement Agreement, the Parties shall apply to the Court for the entry of an Order, substantially in the form attached as Exhibit B:

    a. Preliminarily approving the settlement;

6

b. Certifying Rick Guidry, Dave Spencer, and Frederick Cunningham as representative plaintiffs under the FLSA, for purposes of settlement confirmation only;

c. Scheduling a fairness hearing as expeditiously as possible on the question of whether the proposed Settlement should be finally approved as fair, reasonable, and adequate to the Class Members;

d. Approving as to form and content the proposed Notice of Class Action Settlement and Settlement Hearing;

e. Directing the mailing of the Notice by first class mail to the Class Members;

f. Scheduling a final approval hearing

## DUTIES OF THE PARTIES FOLLOWING PRELIMINARY APPROVAL

22. Following preliminary approval by the Court of the Settlement, Class Counsel will apply to the Court for an Order finally approving the settlement as fair, adequate and reasonable, and will submit a proposed final order and judgment in the form attached as Exhibit C that does the following:

a. Approves the settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

b. Approves the Plaintiffs' enhancement awards of not more than $15,000 each to named Plaintiffs Rick Guidry, Dave Spencer, and Frederick Cunningham in recognition of their roles as named Plaintiffs;

c. Approves Class Counsel's application for an award of attorneys' fees in the amount of $250,000; and

d. Approve Class Counsel's application for reimbursement of costs in an amount not to exceed $9,000.

e. Dismisses this action on the merits and with prejudice and permanently bars all Members of the Settlement Class from prosecuting against Defendants or its present and former subsidiaries, divisions, parent companies, holding companies, stockholders, officers, directors, employees, agents, servants, representatives, attorneys, insurers, affiliates, successors and assigns, any individual or Class claims which are released by this settlement, upon satisfaction of all payments and obligations hereunder.

7

## POTENTIAL VOIDING OF THE SETTLEMENT AGREEMENT

23. A failure of the Court to approve any material condition of this Settlement Agreement which effects a fundamental change of the Parties' Settlement shall render the entire Settlement Agreement voidable and unenforceable as to all Parties herein at the option of the party adversely affected thereby.   However, neither party may void the Settlement Agreement based on the Court's approval or non-approval of the amount of attorneys' fees.  The Court's failure to approve Plaintiffs' fee request shall not render the Settlement Agreement unenforceable.  Each Party may exercise its option to void this Settlement as provided in this paragraph by giving notice, in writing, to the other Party and to the Court at any time prior to final approval of the Settlement by the Court.

24. If this Settlement is voided, this Agreement shall have no force or effect; all negotiations, statements and proceedings related thereto shall be without prejudice to the rights of any party, all of whom shall be restored to their respective positions in the lawsuit prior to the settlement; and neither this Agreement nor any ancillary documents, actions or filings shall be admissible or offered into evidence in the lawsuit or any other action for any purpose.

## PARTIES' AUTHORITY

25. The signatories hereby represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties hereto to the terms and conditions hereof.

## MUTUAL FULL COOPERATION

26. The parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and to take such other action as may be reasonably necessary to implement the terms of this Settlement Agreement.  The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement and the terms set forth herein.   As soon as practicable after execution of this Settlement Agreement, Class Counsel shall, with the assistance and cooperation of Defendants and their counsel, take all necessary steps to secure the Court's preliminary and final approval of this Settlement Agreement.

## NO ADMISSION

27. Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants.  Each of the Parties hereto has entered into this Settlement Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.  In particular, and without limiting the generality of the foregoing, nothing in this settlement shall be offered or construed as an admission of liability, wrongdoing, impropriety, responsibility or fault whatsoever by Defendants or their employees and agents, who expressly deny any liability, wrongdoing, impropriety, responsibility or fault

whatsoever. In addition, and also without limiting the generality of the foregoing, nothing about this settlement shall be offered or construed as an admission or evidence of the propriety or feasibility of certifying a class in the litigation or any other action for adversarial, rather than settlement, purposes.

**ENFORCEMENT ACTIONS**

28. This Settlement Agreement is fully enforceable in the United States District Court for the Western District of Oklahoma before Honorable Timothy D. DeGiusti.

**NOTICES**

29. Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder by any party to this Settlement Agreement shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by first class or certified mail, or overnight carrier, return receipt requested, addressed as follow:

To the Plaintiff Class:

Rand C. Eddy
Eddy Law Firm, P.C.
228 Robert S. Kerr Ave., Suite 220
Oklahoma City, OK  73102

*and*

Edward W. Dzialo, Jr.
Law Firm of Godlove, Mayhall,
Dzialo, Dutcher & Erwin, PC
802 SW C Avenue, PO Box 29
Lawton, Oklahoma 73501

To the Defendants:

Peter C. Nosek, Esq.
Vice President Legal and
General Counsel
Chenega Corporation
3000 C. Street, Suite 301
Anchorage, AK  99503

*and*

Stephen X. Munger

9

Jackson Lewis, LLP
1155 Peachtree St., NE, Suite 1000
Atlanta, GA 30309

### CONSTRUCTION

30. The Parties hereto agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive, arm's length negotiations between the Parties and that the Settlement Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or his or its counsel participated in the drafting of this Settlement Agreement.

### CAPTIONS AND INTERPRETATIONS

31. Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Settlement Agreement or any provision hereof. Each term of this Settlement Agreement is contractual and not merely a recital.

### MODIFICATION

32. This Settlement Agreement may not be changed, altered, or modified except in writing and signed by the Parties hereto, and approved by the Court. This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by all Parties hereto.

### INTEGRATION CLAUSE

33. This Settlement Agreement constitutes the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

### NO PRIOR ASSIGNMENTS

34. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators and successors. The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein.

**CLASS COUNSEL SIGNATORIES**

35. It is agreed that, because the Members of the Class are so numerous, it is impossible or impractical and not required to have each Member of the Class execute this Settlement Agreement. The Notice of Class Action Settlement and Settlement Hearing, Exhibit A hereto, will advise all Class Members of the binding nature of the release and such shall have the same force and effect as if this Settlement Agreement were executed by each Member of the Class.

**PUBLICITY**

36. Each of the Plaintiffs, Plaintiffs' Counsel, Defendants, and Defense Counsel agree to limit any media comments or publications to matters derived from or contained in the Settlement Agreement or documents filed of record in this case. The inclusion of this provision in the agreement is subject to the court ruling that the provision is not contrary to public policy or otherwise legally improper. If the court concludes this provision is improper, the provision shall be deleted from the Settlement Agreement.

**COUNTERPARTS**

37. This Settlement Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties. Signatures sent by facsimile machine or scanned signatures in Portable Document Format sent by email shall be deemed original signatures.

Dated: 12-9-10              Rick Guidry

Dated: 12-9-10              Dave Spencer

Dated: 12-9-10              Frederick Cunningham

Dated: 12-9-10              Rand C. Eddy
                                   Counsel for Settlement Class

Date: 12-9-10              Edward W. Dzialo, Jr.
                                   Counsel for Settlement Class

11

Dated: 14-Dec-2010

Stephen X. Munger
Counsel for Defendants

Dated: 13-Dec-2010

Peter C. Nosek
General Counsel
Chenega Corporation
On Behalf of All Defendants